UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MARIA FERNANDA SOTO LEIGUE,
individually and on behalf of all others similarly
situated,

   *Plaintiff*,

vs.

EVERGLADES COLLEGE, INC. d/b/a
KEISER UNIVERSITY,

   *Defendant*.
_____/

**CLASS ACTION**

**Case No.** 1:21-CV-24267-KMW

**JURY TRIAL DEMANDED**

## FIRST AMENDED CLASS ACTION COMPLAINT

Plaintiff Maria Fernanda Soto Leigue brings this class action against Defendant, Everglades College, Inc. d/b/a Keiser University, and alleges as follows upon personal knowledge as to Plaintiff and Plaintiff's own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by Plaintiff's attorneys.

## NATURE OF THE ACTION

1. This is a class action under the Florida Telephone Solicitation Act ("FTSA"), Fla. Stat. § 501.059, as amended by Senate Bill No. 1120.[1]

2. Defendant is a private university that provides educational services in the form of college courses that consumers can enroll in.

3. Defendant charges consumers a tuition fee to receive in Defendant's educational services.

---

[1] The amendment to the FTSA became effective on July 1, 2021.

4.      To promote its goods and services, Defendant engages in aggressive telephonic sales campaigns to consumers with no regard for consumers' rights under the FTSA.

5.      Defendant's telephonic sales text messages have caused Plaintiff and the Class members harm, including violations of their statutory rights, statutory damages, annoyance, nuisance, and invasion of their privacy.

6.      Through this action, Plaintiff seeks an injunction and statutory damages on behalf of herself and the Class members, as defined below, and any other available legal or equitable remedies resulting from the unlawful actions of Defendant.

## PARTIES

7.      Plaintiff is, and at all times relevant hereto was, an individual and a "called party" as defined by Fla. Stat. § 501.059(1)(a) in that she was the regular user of telephone number ***-***-1578 (the "1578 Number") that received Defendant's telephonic sales text messages. Plaintiff is a resident of Miami-Dade County, Florida.

8.      Defendant is, and at all times relevant hereto was, a Florida corporation and a "telephone solicitor" as defined by Fla. Stat. § 501.059(f).  Defendant maintains its primary place of business and headquarters in Fort Lauderdale, Florida. Defendant directs, markets, and provides business activities throughout the State of Florida and the United States.

## JURISDICTION AND VENUE

9.      Jurisdiction is proper under 28 U.S.C. § 1332(d)(2) because Plaintiff alleges a national class in which at least one class member belongs to a different state than that of Defendant. Plaintiff seeks up to $1,500.00 (one-thousand-five-hundred dollars) in damages for each call in violation of the FTSA, which, when aggregated among a proposed class numbering in the tens of thousands, or more, exceeds the $5,000,000.00 (five-million dollars) threshold for federal court

jurisdiction under the Class Action Fairness Act ("CAFA"). Therefore, both the elements of minimal diversity jurisdiction and CAFA jurisdiction are present.

10.     Venue is proper in the United States District Court for the Southern District of Florida pursuant to 28 U.S.C. § 1391(b) and (c) because Defendant resides within this judicial district, and because Defendant provides and markets its services within this district thereby establishing sufficient contacts to subject it to personal jurisdiction.  Further, Defendant's tortious conduct against Plaintiff occurred within the State of Florida and, on information and belief, Defendant has sent the same text messages complained of by Plaintiff to other individuals within this judicial district, such that some of Defendant's acts in making such calls have occurred within this district, subjecting Defendant to personal jurisdiction in the State of Florida.

## FACTS

11.     Beginning on or about August 6, 2021, Defendant sent numerous unsolicited telephonic sales calls to Plaintiff's cellular telephone number, including the following:



12. Defendant's messages did not include instructions on how to opt-out of future messages.

13. On September 23, 2021, Plaintiff responded with the words "Please remove me from your contact list," in an attempt to opt-out of any further text message communications with Defendant:

4



14.     Despite Plaintiff's use of clear opt-out language, Defendant ignored Plaintiff's opt-out demand and continued to send Plaintiff another promotional text message on October 12, 2021.

15.     As demonstrated by the above screenshots, the purpose of Defendant's telephonic sales messages was to solicit the sale of consumer goods and/or services.

16.     Defendant's text messages constitute telemarketing because they encouraged the future purchase or investment in property, goods, or services, i.e., selling Plaintiff educational services in the form of university courses.

17.     Defendant's text messages contained language such as "…Keiser University Classes starting 10/25/21 You still have time to enroll & process…"

5

18. Defendant's texts were not made for an emergency purpose or to collect on a debt.

19. Defendant's text messages were transmitted to Plaintiff's cellular telephone, and within the time frame relevant to this action.

20. At no point in time did Plaintiff provide Defendant with her express written consent to be contacted for marketing purposes.

21. To the extent that Defendant had any consent to contact Plaintiff, that consent was expressly revoked when Plaintiff responded on September 23, 2021, requesting Defendant to cease contacting her.

22. Upon information and belief, Defendant caused similar telephonic sales calls to be sent to other individuals residing in Florida and throughout the United States after they had requested to be opted out of future contact.

23. The text messages originated from telephone number (305) 273-3539, a number which upon information and belief is owned and operated by Defendant or on behalf of Defendant.

24. Defendant's telephonic sales calls caused Plaintiff and the Class members harm, including statutory damages, inconvenience, invasion of privacy, aggravation, annoyance.

25. Plaintiff estimates that she wasted approximately twenty minutes reviewing all of Defendant's solicitations and retaining counsel to stop Defendant from sending more text message solicitations.

## CLASS ALLEGATIONS

**PROPOSED CLASS**

26. Plaintiff brings this lawsuit as a class action on behalf of herself individually and on behalf of all other similarly situated persons as a class action pursuant to Florida Rule of Civil Procedure 1.220(b)(2) and (b)(3). The "Class" that Plaintiff seeks to represent is defined as:

> **Internal Do Not Call Class: All persons within the United States who, within the four years prior to the filing of this Complaint, were sent a text message from Defendant or anyone on Defendant's behalf, to said person's cellular telephone number *after* making a request to Defendant to not receive future text messages.**

27. Defendant and its employees or agents are excluded from the Class. Plaintiff does not know the exact number of members in the Class but believes the Class members number in the several thousands, if not more.

### NUMEROSITY

28. Upon information and belief, Defendant has placed telephonic sales calls to telephone numbers belonging to thousands of consumers listed throughout Florida and the United States after they had requested to opt-out. The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

29. The exact number and identities of the Class members are unknown at this time and can be ascertained only through discovery. Identification of the Class members is a matter capable of ministerial determination from Defendant's call records.

### COMMON QUESTIONS OF LAW AND FACT

30. There are numerous questions of law and fact common to the Class which predominate over any questions affecting only individual members of the Class. Among the questions of law and fact common to the Class are:

[1] Whether Defendant initiated telephonic sales calls to Plaintiff and the Class members;

[2] Whether Defendant can meet its burden of showing that it had prior express written consent to make such calls;

[3] Whether Defendant adhered to requests by class members to stop sending text messages to their telephone numbers;

[4] Whether Defendant keeps records of text recipients who revoked consent to receive texts;

[5] Whether Defendant's conduct was knowing and willful; and

[6] Whether Defendant is liable for damages, and the amount of such damages.

31. The common questions in this case are capable of having common answers. If Plaintiff's claim that Defendant routinely transmits telephonic sales calls to consumers after they had opted out is accurate, Plaintiff and the Class members will have identical claims capable of being efficiently adjudicated and administered in this case.

**TYPICALITY**

32. Plaintiff's claims are typical of the claims of the Class members, as they are all based on the same factual and legal theories.

**PROTECTING THE INTERESTS OF THE CLASS MEMBERS**

33. Plaintiff is a representative who will fully and adequately assert and protect the interests of the Class and has retained competent counsel. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Class.

**SUPERIORITY**

34. A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit because individual litigation of the claims of all members of the Class is economically unfeasible and procedurally impracticable. While the aggregate damages sustained by the Class are in the millions of dollars, the individual damages incurred by each member of the Class resulting from Defendant's wrongful conduct are too small to warrant the expense of individual lawsuits. The likelihood of individual Class members prosecuting their own separate

claims is remote, and, even if every member of the Class could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases.

35. The prosecution of separate actions by members of the Class would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant. For example, one court might enjoin Defendant from performing the challenged acts, whereas another may not. Additionally, individual actions may be dispositive of the interests of the Class, although certain class members are not parties to such actions.

## COUNT I
## VIOLATION OF FLA. STAT. § 501.059
### (On Behalf of Plaintiff and the Internal Do Not Call Class)

36. Plaintiff re-alleges and incorporates the foregoing allegations as if fully set forth herein.

37. It is a violation of the FTSA to initiate an outbound telephone call, text message, or voicemail transmission to a consumer, business, or donor or potential donor who has previously communicated to the telephone solicitor or other person that he or she does not wish to receive an outbound call, text message, or voicemail transmission:

    (a) Made by or on behalf of the seller whose goods or services are being offered; or

    (b) Made on behalf of a charitable organization for which a charitable contribution is being solicited.

Fla. Stat. § 501.059(5) (a), (b).

38. Plaintiff and the Class Members made requests to Defendant not to receive messages from Defendant.

39. Defendant failed to honor Plaintiff and the Internal Do Not Call Class members' requests.

40. In violation of the FTSA, Defendant made and/or knowingly allowed outbound text messages offering their services to be sent to Plaintiff and the Class members, after they had previously communicated to Defendant that he or she did not wish to receive any more calls, text messages, or voicemails from Defendant.

41. As a result of Defendant's conduct, and pursuant to § 501.059(10)(a) of the FTSA, Plaintiff and Class members were harmed and are each entitled to a minimum of $500.00 in damages for each violation. Plaintiff and the Class members are also entitled to an injunction against future calls.

42. Plaintiff and the Internal Do Not Call Class members also suffered damages in the form of invasion of privacy.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

a) An order certifying this case as a class action on behalf of the Class as defined above, and appointing Plaintiff as the representative of the Class and Plaintiff's counsel as Class Counsel;

b) An award of statutory damages for Plaintiff and each member of the Class;

c) An order declaring that Defendant's actions, as set out above, violate the FTSA;

d) An injunction requiring Defendant to cease all telephonic sales calls or texts to members of the class;

e) Such further and other relief as the Court deems necessary.

## **JURY DEMAND**

Plaintiff, individually and on behalf of the Class, hereby demand a trial by jury.

## **DOCUMENT PRESERVATION DEMAND**

Plaintiff demands that Defendant take affirmative steps to preserve all records, lists, electronic databases or other itemization of telephone numbers associated with the communications or transmittal of the calls as alleged herein.

Dated: January 6, 2022

                                              Respectfully Submitted,

                                              **SHAMIS & GENTILE P.A.**

                                              /s/ Andrew Shamis
                                              Andrew J. Shamis, Esq.
                                              Florida Bar No. 101754
                                              ashamis@shamisgentile.com
                                              /s/ Garrett Berg
                                              Garrett O. Berg, Esq.
                                              Florida Bar No. 1000427
                                              gberg@shamisgentile.com
                                              14 NE 1st Ave., Suite 705
                                              Miami, Florida 33132
                                              Telephone: 305-479-2299

                                              **EDELSBERG LAW P.A.**
                                              /s/ Scott Edelsberg
                                              Scott Edelsberg, Esq.
                                              Florida Bar No. 0100537
                                              20900 NE 30th Ave., Suite 417
                                              Aventura, Florida 33180
                                              Telephone: 305-975-3320
                                              Email: scott@edelsberglaw.com

                                              *Counsel for Plaintiff and the Class.*